**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TROCA GLOBAL ADVISORS LLC,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>GLOBAL LIQUIDITY SERVICES LLC d/b/a VENDORPAYMENT, and BULK MRO INDUSTRIAL SUPPLY, INC.,<br><br>Interpleader Defendants. | **Case No. 1:23-CV-11546** |

**DEFENDANT BULK MRO'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER**

Interpleader defendant Bulk MRO Industrial Supply, Inc. ("Bulk MRO") respectfully requests that the Court deny the motion that interpleader plaintiff Troca Global Advisors LLC ("Troca") submitted at ECF No. 29. Troca—presumably at the behest of its sole member, Abhijit Das—chose to initiate this lawsuit. Troca also chose to oppose the United States's motion to stay this lawsuit pending the resolution of the criminal action United States v. Das, No. 23-cr-10160. Having made those voluntary litigation decisions, Troca has no good faith basis to refuse to come forward with the information necessary to demonstrate that this Court actually has subject matter jurisdiction over this interpleader lawsuit (*viz.* that Troca in fact is in custody or control of specifically identifiable property, capable of being deposited with this Court, to which Bulk MRO and interpleader co-defendant Global Liquidity Services LLC have competing claims). While Troca's concerns about Mr. Das's Fifth Amendment rights are understandable, Troca should have considered those concerns before filing its interpleader lawsuit and opposing the United States's

stay motion (both of which were decisions that Mr. Das himself, as Troca's sole member, presumably made).

As further described below, Troca's counsel recently made another stunning admission regarding the "assets" that Troca actually holds. In short, Troca's counsel essentially admitted that the only "assets" that Troca actually holds are pieces of junk that have never been subject to the interpleader defendants' competing claims and that are not plausibly capable of being deposited with this Court. *See* Exh. A (October 2, 2023 email from Troca's counsel Meredith Doty to Bulk MRO's counsel Aaron Katz). In light of that admission, the Court should either (1) dismiss this interpleader action sua sponte for lack of subject matter jurisdiction, or (2) order that Troca provide the Court with a detailed explanation of how the "assets" in Troca's possession are sufficient to create constitutional and statutory subject matter jurisdiction over this action.

**FACTS**

Troca's interpleader complaint sought to create the impression that Troca presently is in custody or control of clearly identifiable assets that are (1) valued at more than $3,431,198; (2) actually subject to competing claims of Bulk MRO and Global Liquidity Services; and (3) readily capable of being deposited with the Court. *See* Compl., ECF No. 1, at ¶¶ 6, 38, 42 (alleging that Troca stands "ready and willing to pay the Assets" to the "party legally entitled to them"), 45 (alleging that Troca "will deposit the Assets" with the Court). That impression, however, was plainly a false one. At the hearing in August, Troca's counsel admitted that Troca essentially has no cash assets. When the Court pressed Troca's counsel on what assets Troca actually holds, Troca's counsel responded that a third party—who, curiously, Troca's counsel refused to identify—might be willing to take out a ~$1.5 million promissory note secured by a yacht that is, at present, subject to criminal forfeiture and a Department of Justice lis pendens.

In the six weeks since the August hearing, Troca's representations regarding the "assets" in its custody or control have gotten even more bizarre. In an October 2, 2023 email to Bulk MRO's counsel, Troca's counsel represented that the "assets" underpinning Troca's interpleader complaint are: "(a) Ship Mortgage – Viking 108 – $2,165,000; (b) Litigation Financing – MJ'S Market Inc. v. Jushi Holdings, Inc., D. Mass. No. 4-23-40037-MG - $395,000; (c) Equity Investment – MJ's Market - $250,000; (d) Troca Capital – Note – $350,000." Exh. A (email from Troca's counsel Meredith Doty to Bulk MRO's counsel Aaron Katz). Troca's counsel stated that these "assets" are held by a New Hampshire company called Cayan Group LLC, which appears to be a single-member LLC owned and managed by Mr. Das's known business associate Alexander Baez. According to Cayan Group's corporate filings with the New Hampshire Secretary of State, it deals in a suspiciously diverse array of businesses: (1) Other Commercial Equipment Merchant Wholesalers; (2) Medical, Dental, and Hospital Equipment and Supplies Merchant Wholesaler; (3) Other Professional Equipment and Supplies Merchant Wholesalers; (4) International Trade Financing; (5) Commodity Contracts Brokerage; and (6) Other Management Consulting Services. *See* Exh. B (print out from New Hampshire Secretary of State website). The New Hampshire Secretary of State's website also indicates that, until August 2022, Cayan Group's mailing address was a box at a UPS Store in North Hampton, New Hampshire. *Id.*

Troca has no colorable basis to assert that Bulk MRO and Global Liquidity Services have asserted competing claims to the junk assets that Cayan Group holds, let alone that the assets are capable of being deposited with this Court as 28 U.S.C. § 1335 requires. In this regard, some additional background regarding these supposed "assets" might be helpful to the Court. The "Viking 108" ostensibly refers to the 108-foot Viking sport cruiser called "Troca One" that is

subject to a criminal forfeiture count in No. 23-cr-10160 and a Department of Justice lis pendens.[1] Troca's counsel provided no information regarding the identity of the yacht's mortgagee, whether the mortgagee is current on the payments, the interest rate on the mortgage, where the mortgage sits relative to the Department of Justice's lis pendens, or what Troca has done to ascertain the fair market value of the mortgage as a transferrable security. "MJ'S Market Inc. v. Jushi Holdings, Inc" is a civil antitrust lawsuit that Mr. Das and another plaintiff's lawyer filed in March 2023. The lawsuit relates to the market for Merrimack Valley cannabis dispensaries and appears to be meritless (a motion to dismiss is pending). Troca's counsel provided no information regarding how the "litigation financing" of that civil antitrust lawsuit is a valuable asset, let alone an asset that can be deposited with the Court. "MJ's Market" is a single-location cannabis dispensary that brands itself as "THE Cannabis Destination for . . . cannabis connoseurs" in Grafton, Massachusetts.[2] *See* https://mjsmkt.com/mjs-market-is-graftons-cannabis-destination/. Troca's counsel provided no information to substantiate its assertion that the "equity" that Cayan Group holds in MJ's Markets has a fair market value of $250,000. And "Troca Capital" appears to be some sort of fledgling (and very possibly bogus) affiliate of Troca, with a website that remains under construction. *See* https://trocaglobal.com/capital-coming-soon/. Troca's counsel provided no information regarding whether Troca Capital is the note's promisor or promisee (and, if the promisee, who the promisor is), when Troca expects the note to be paid, or whether the note is secured.

[1] The yacht is currently listed for Carribean charters. *See* https://www.yachtcharterfleet.com/luxury-charter-yacht-49538/troca-one.htm

[2] It is not clear that the store is currently in operation, as its listed phone number (888-446-2795) is disconnected and Google identifies the store as "Temporarily Closed."

## ARGUMENT

An interpleader action is an "unusual procedural animal." *Commercial Nat. Bank of Chicago v. Demos*, 18 F.3d 485, 488 (7th Cir. 1994). The interpleader plaintiff is essentially a "nominal" party that is a mere "bystander to a fight among [interpleader defendants]" that have been dragged into federal court against their will. *Foster McGaw Hosp. v. Welfare Fund, Local 786*, 925 F.2d 1023, 1024 (7th Cir. 1991). "[T]o avail itself of the interpleader remedy, [the interpleader plaintiff] must have a good faith belief that there are or may be colorable competing claims to the stake [that the interpleader plaintiff has in its custody or control]." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). In short, the predicate for a federal court's Article III and statutory subject matter jurisdiction over an interpleader action is that the interpleader plaintiff in fact is in custody or control of specific identifiable property to which the interpleader defendants in fact have competing claims. Moreover, as a matter of statute, the "deposit of money, property or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action." *Oceanus Mutual Underwriting Ass'n v. Imperial Sugar Co.*, 806 F.2d 1, 5 (1st Cir. 1986). Unless those essential elements of subject matter jurisdiction are satisfied, the interpleader plaintiff has no right to force the interpleader defendants to litigate their dispute at a time and in a forum not of their choosing.

Setting aside whether the junk "assets" that Troca's counsel identified in its October 2, 2023 email are anywhere close to as valuable as Troca's counsel contends, those junk assets are neither (1) subject to competing claims by Bulk MRO and Global Liquidity Services, nor (2) capable of being deposited with the Court, as 28 U.S.C. § 1335 requires. To be sure, there may be a simmering contract-based dispute between Bulk MRO and Global Liquidity Services (albeit a dispute that, to this point, has not resulted in Bulk MRO or Global Liquidity Services

commencing any litigation). But the dispute between Bulk MRO and Global Liquidity Services *is not*—and has *never been*—over which party has a claim to (1) a mortage secured by the Troca One, (2) the "litigation financing" of the MJ's Markets v. Jushi Holdings lawsuit, (3) an "equity investment" in the MJ's Market cannabis dispensary located in Grafton, or (4) a Troca Capital "note." And it is implausible that those assets could be deposited with this Court and then, at the conclusion of the interpleader action, distributed to either Bulk MRO or Global Liquidity Services.

The motion that Troca filed at ECF No. 29 merely compounds the jurisdictional infirmities that ought to result in sua sponte dismissal of this interpleader lawsuit for lack of subject matter jurisdiction. By refusing to identify in a pleading submitted to this Court the assets that it claims creates federal subject matter jurisdiction over this interpleader action, Troca is flatly disregarding the jurisdictional prerequisites set forth by 28 U.S.C. § 1335. And the basis for Troca's refusal—namely, Mr. Das's Fifth Amendment right against self-incrimination—is completely preposterous. As an incorporeal entity, Troca does not have a Fifth Amendment right. And the law is clear that Troca cannot derivatively assert Mr. Das's Fifth Amendment right, notwithstanding that Mr. Das is Troca's only member. *See United States v. Lawn Builders of New England, Inc.*, 856 F.2d 388, 394 (1st Cir. 1988) (holding that a "one-man corporation" could not assert a Fifth Amendment right to a grand jury subpoena issued to the corporation, notwithstanding that the corporation's production of records might incriminate its sole owner). Furthermore, as the party who *initiated* this interpleader action, Troca has an affirmative statutory obligation to identify and then deposit with the Court specific identifiable assets that in fact are subject to competing claims of Bulk MRO and Global Liquidity Services. If Troca cannot (or does not want to) satisfy that obligation, then it had no business filing its interpleader lawsuit in the first place. Finally, it is ironic in the extreme that Troca previously opposed the United States's motion to stay and yet now is complaining that

persisting with this lawsuit may require it to make statements that could incriminate Mr. Das (who presumably has directed all of Troca's actions in this lawsuit to date).

## CONCLUSION

The Court should require Troca to make a formal showing regarding the assets that Troca claims creates subject matter jurisdiction over thie interpleader action. If Troca cannot make (or is unwilling to make) a showing sufficient to satisfy 28 U.S.C. § 1335, the Court should dismiss the action sua sponte for lack of subject matter jurisdiction.

DATED: October 11, 2023

Respectfully submitted,

/s/ Aaron M. Katz
Aaron M. Katz
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6350
akatz@aaronkatzlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, including the exhibits, was served on all counsel of record via the ECF system.

*/s/ Aaron M. Katz*