**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

TROCA GLOBAL ADVISORS LLC,

Interpleader Plaintiff,

v.

GLOBAL LIQUIDITY SERVICES LLC d/b/a VENDORPAYMENT, and BULK MRO INDUSTRIAL SUPPLY, INC.,

Interpleader Defendants.

**Case No. 1:23-CV-11546-AK**

**VENDORPAYMENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER**

**Introduction**

Interpleader Defendant Global Liquidity Services LLC d/b/a VendorPayment ("VendorPayment") hereby opposes Interpleader Plaintiff Troca Global Advisors LLC's ("Troca") proposed order and respectfully requests that the Court enter instead the proposed order submitted by VendorPayment and co-Interpleader Defendant Bulk MRO Industrial Supply, Inc, ("Bulk MRO"). (*See* Doc Nos. 26, 29-1.) Critically, Interpleader Defendants' proposed order requires Troca to provide the Court with a detailed accounting of the pertinent assets that Troca claims to have in its custody or control which, in turn, would permit the parties and the Court to determine whether this action and this forum are the appropriate vehicles for litigating over the proceeds of an admittedly-disputed transaction. (*See* Doc No. 26.)

**Argument**

VendorPayment agrees with Bulk MRO (Doc. No. 30) that Troca's reliance on Mr. Das's Fifth Amendment rights as a means of shielding from this Court's view the valuation and control of the assets is neither a cognizable right available to corporate entities, nor is it proper. *In re Grand*

*Jury Subpoena*, 973 F.2d 45, 47 (1st Cir. 1992) ("It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be.") (quoting *Bellis v. United States*, 417 U.S. 85, 100 (1974)); *Amato v. United States*, 450 F.3d 46, 53 (1st Cir. 2006) ("[E]ven assuming the corporation to be a one-man corporation and the corporate custodian to be that one man, the corporate records are not shielded from production, nor may the corporate custodian resist a subpoena for those records on the ground that the act of production would impermissibly infringe on his Fifth Amendment right against self-incrimination".).

Troca's attempt to invoke the Fifth Amendment highlights precisely why a stay of this litigation is warranted during the pendency of the criminal action against Das; namely, if Troca is refusing to disclose "an accounting of the assets[,] . . . the valuation of the assets, and the basis for Troca's assertion that the asset is in Troca's custody or possession" before discovery has even commenced, Interpleader Defendants can have no clear understanding as to the threshold inquiry of what it is they are litigating over. (Doc No. 29 at 1–2.) VendorPayment further agrees with Bulk MRO that Troca's motion in favor of its proposed order and invocation of Das's Fifth Amendment rights directly contradicts its rationale in opposition to Assistant United States Attorney Neil Gallagher's ("AUSA Gallagher") motion to stay these proceedings. (Doc No. 30 at 6–7.) Troca and Das cannot have it both ways—they cannot on the one hand argue that Troca's alleged "assets" (whatever those may be) should be adjudicated now in this action by the Interpleader Defendants, while arguing on the other hand that Troca and Das cannot be held to properly disclose, substantiate or present those assets because of a Fifth Amendment risk in the related criminal action.

VendorPayment does not simply join in Bulk MRO's opposition, however, because Bulk MRO's request for a *sua sponte* dismissal of this action is premature. As Bulk MRO notes, "there

is a contract-based dispute between Bulk MRO and [VendorPayment].” (Doc No. 30 at 5.) That contract dispute relates in part to the proceeds of the transaction on which this action was premised—the purchase of medical gloves by Federal Resources, Inc. (“Federal Resources”). Indeed, the parties have disputed whether VendorPayment suffered damages in the course of that transaction based on breaches of the parties’ agreement, and VendorPayment has argued that to the extent there are any proceeds remaining from the Federal Resources transaction, VendorPayment is entitled to some, if not all of those proceeds. That the proceeds might have been—potentially unlawfully—converted to other forms of capital in the interim does not negate the legitimacy of Interpleader Defendants’ competing claims to any available proceeds. More importantly, VendorPayment has been kept entirely in the dark regarding the sum of the proceeds from the Federal Resources transaction and what ultimately became of those proceeds through Bulk MRO’s dealings with Troca. Until VendorPayment is permitted the opportunity to pressure test Troca’s complaint through discovery, it is premature to dismiss this action *sua sponte*.

Despite the informal tally counsel for Troca provided via email (*see* Doc No. 30-1), neither this Court nor VendorPayment have a sworn statement, discovery, evidence, or other reliable indicia concerning the nature, location, and valuation of the assets that are the subject of this action. Rather than dismissing the action on that basis, VendorPayment respectfully requests that the Court enter the proposed order filed by Interpleader Defendants requiring Troca to provide a thorough, detailed and substantiated accounting and valuation of the assets, so that all parties to the interpleader action, and the Court, have a firmer basis on which to determine the legitimacy of this action and the availability of proceeds resulting from the Federal Resources transaction to which Bulk MRO and VendorPayment have competing claims.

## Conclusion

For the reasons set forth herein, VendorPayment respectfully requests that this Court enter the proposed order filed by Intervenor Defendants (Doc No. 26-1) and decline entry of the proposed order filed by Troca (Doc No. 29-1).

DATED: October 13, 2023

Respectfully submitted,

*/s/* Nathaniel Bruhn
Nathaniel Bruhn (Bar No. 681994)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110
(617) 341-7700
nathaniel.bruhn@morganlewis.com

Jeffrey Reisner (*pro hac vice*)
STEPTOE & JOHNSON LLP
633 W 5th St, Unit 700
Los Angeles, CA 90071
(213) 439-9452
jreisner@steptoe.com

Jeremy Goldkind (*pro hac vice*)
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1251
jgoldkind@steptoe.com

*Counsel for Global Liquidity Services, LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2023, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filings to all counsel registered for ECF service.

*/s/ Nathaniel P. Bruhn*