**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| TROCA GLOBAL ADVISORS LLC<br><br>Interpleader Plaintiff,<br><br>v.<br><br>GLOBAL LIQUIDITY SERVICES LLC, d/b/a VENDORPAYMENT, AND BULK MRO INDUSTRIAL SUPPLY, INC.,<br><br>Interpleader Defendants, | ) | Civil Action No.: 1:23-CV-11546<br><br>LEAVE TO FILE GRANTED 10/26/23 |

**PLAINTIFF TROCA GLOBAL ADVISORS LLC'S REPLY TO DEFENDANT BULK MRO'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER**

Plaintiff-Stakeholder Troca Global Advisors LLC ("Troca" or "Plaintiff-Stakeholder"), by and through undersigned counsel, respectfully submits this reply to Interpleader Defendant Bulk MRO Industrial Supply, Inc.'s Opposition to Plaintiff's Motion for an Order (ECF No. 30) ("Opposition"), and in further support of its Motion for Proposed Order (ECF No. 29).

Troca did initiate this lawsuit and oppose the United States's motion to stay this lawsuit pending the resolution of pending criminal actions, *United States v. Das*, No. 23-cr-10160 and *USA v. Das*, 1:23-cr-10160-AK. Those decisions do not, as Bulk MRO seems to suggest, strip Troca or its sole member, Abhijit Das, of their procedural or constitutional rights. Moreover, Troca's decision to initiate this lawsuit was based on the simple fact that there is a dispute between Bulk MRO and interpleader co-defendant Global Liquidity Services LLC d/b/a VendorPayment ("VendorPayment") (collectively "Defendants") regarding investments currently in Troca's custody or control to which Bulk MRO and VendorPayment have competing claims (the "Interpleader Assets"). The interpleader action does not require, as Bulk MRO seems

to argue, the Court's quantitative or qualitative analysis regarding the sufficiency, quality or appropriateness of Interpleader Assets or the underlying investment decisions behind the assets.

**ARGUMENT**

Troca's interpleader suit was filed pursuant to Fed. R. Civ. P. 22. Unlike statutory interpleader, 28 U.S.C. § 1335, the federal interpleader rule does not require the deposit of money, property or a bond with the court to obtain jurisdiction. An interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction, including diversity jurisdiction under 28 U.S.C. § 1332. Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). Troca has adequately alleged diversity of citizenship. See Weaver v. Metro. Life Ins. Co., 939 F.3d 618, 623 (5th Cir. 2019) ("For Rule 22 interpleader, diversity requires the stakeholder—the party seeking adjudication of multiple claims against it—to be diverse from the claimants."); Lodge on the Green Associates v. Comfed Sav. Bank, 121 F.R.D. 3 (D. Mass. 1988). This Court has subject matter jurisdiction over this matter.

Secondly, the dispute between Bulk MRO and VendorPayment involves a disagreement regarding the proceeds to a transaction between Bulk MRO and Federal Resources, Inc. [1] Complaint ¶¶ 21-23, 25, 26, 28-30 & Exs. 6 & 7 thereto. The proceeds to that transaction were invested by Troca in various assets. It is those investment assets that Troca seeks to deposit with this Court. As VendorPayment acknowledges, it is not necessary for Bulk MRO and VendorPayment to make a specific claim to these particular assets. See VendorPayment's Opposition (ECF No. 31), p. 3 ("That the proceeds might have been … converted to other forms

[1] Both Bulk MRO and VendorPayment acknowledge this dispute. Bulk MRO's Opposition (ECF No. 30), p. 5 ("there may be a 'simmering contract-based dispute' between Bulk MRO and Global Liquidity Services"); VendorPayment's Opposition (ECF No. 31), p. 3 ("That contract dispute relates in part to the proceeds of the transaction on which this action was premised—the purchase of medical gloves by Federal Resources, Inc.").

of capital in the interim does not negate the legitimacy of Interpleader Defendants' competing claims to any available proceeds").

Defendants seek an order "requiring Troca to provide a thorough, detailed and substantiated accounting and valuation of the assets." ECF No. 31; see ECF No. 26-1. Troca is willing and able to provide corporate records regarding the assets of Bulk MRO which are held or controlled by Troca. However, this Court may not order Troca and, therefore, its records custodian, Mr. Das, to provide the detailed accounting it seeks without compelling testimony in violation of Mr. Das' 5th Amendment privilege. While a corporate records custodian cannot withhold corporate books or records on the grounds that he personally might be incriminated by their production, he cannot be compelled to testify regarding those documents other than to authenticate them. See Curcio v. United States, 354 U.S. 118, 127–28 (1957); In re Grand Jury Proc., 473 F. Supp. 2d 201, 210 (D. Mass. 2007) (concluding that testimony sufficient to qualify documents as business records under Rule 803(6) cannot be compelled from a corporate records custodian who asserts a Fifth Amendment privilege). In addition, Troca has no expertise in the valuation of assets, does not have a valuation team, and is not in a position to provide a valuation report regarding the illiquid assets.[2] Finally, Defendants' Proposed Order also seeks to restrain *all assets* of Troca versus those assets held or controlled on behalf of Bulk MRO. Troca currently holds assets for other clients who have no involvement in Defendants' dispute. An order restraining Troca's assets would prevent those entities from transferring or accessing their own assets, which is completely unwarranted.

---

[2] Troca reminds the Defendants that it notified them on May 30, 2023 -- prior to the Government's 2023 indictment of its sole member, Mr. Das -- that it intended to seek an interpleader action if the parties could not reach an agreement regarding a neutral placeholder for the assets. It continues to seek a path forward which would permit it to protect the assets without infringing its sole member's rights.

## CONCLUSION

Troca respectfully requests that this Court enter its Proposed Order, attached to its Motion as Exhibit A (ECF No. 29-1). This Court has discretion to grant the Plaintiff's Proposed Order, or fashion its own order, restraining the assets at issue while protecting Mr. Das's 5th Amendment right.

Respectfully submitted,

**TROCA GLOBAL ADVISORS LLC**

By its attorneys,

*/s/ Alan D. Rose Jr.*
Alan D. Rose, Jr. (BBO #628871)
Meredith W. Doty (BBO #652220)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, MA 02108
(617) 536-0040
Fax: (617) 536-4400
adrjr@rose-law.net
mwd@rose-law.net

Dated: November 6, 2023

**CERTIFICATE OF SERVICE**

I, Alan D. Rose, Jr. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on November 6, 2023.

*/s/ Alan D. Rose, Jr.*
Alan D. Rose, Jr.