**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TROCA GLOBAL ADVISORS LLC<br><br>Interpleader Plaintiff,<br><br>v.<br><br>GLOBAL LIQUIDITY SERVICES LLC, d/b/a VENDORPAYMENT, AND BULK MRO INDUSTRIAL SUPPLY, INC.,<br><br>Interpleader Defendants, | Civil Action No.: 1:23-CV-11546<br><br>LEAVE TO FILE GRANTED 10/26/23 |

**PLAINTIFF TROCA GLOBAL ADVISORS LLC'S REPLY TO VENDORPAYMENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER**

Plaintiff-Stakeholder, Troca Global Advisors LLC ("Troca" or "Plaintiff-Stakeholder"), by and through undersigned counsel, respectfully submits this reply to Defendant Global Liquidity Services LLC d/b/a VendorPayment's ("VendorPayment") Opposition to Plaintiff's Motion for an Order (ECF No. 31) ("Opposition"), and in further support of its Motion for Proposed Order (ECF No. 29).

VendorPayment acknowledges the underlying contract-based dispute between it and Bulk MRO concerning the proceeds from the Federal Resources transaction. It was this very dispute which prompted Troca's interpleader suit. Troca does not seek to "shield" the parties or this Court from the assets it seeks to safeguard with this Court by way of its interpleader suit. Troca is willing and able to provide corporate records regarding the assets of Interpleader Defendant Bulk MRO Industrial Supply, Inc. ("Bulk MRO"), which are held or controlled by Troca. However, VendorPayment also seeks an order "requiring Troca to provide a thorough, detailed and substantiated accounting and valuation of the assets." Opposition, p. 3. This Court may not

order Troca, and therefore its records custodian, Mr. Das, to provide the detailed accounting it seeks without compelling testimony in violation of Mr. Das' 5th Amendment privilege. While a corporate records custodian cannot withhold corporate books or records on the grounds that he personally might be incriminated by their production, he cannot be compelled to testify regarding those documents other than to authenticate them. See Curcio v. United States, 354 U.S. 118, 127–28 (1957); In re Grand Jury Proc., 473 F. Supp. 2d 201, 210 (D. Mass. 2007) (concluding that testimony sufficient to qualify documents as business records under Rule 803(6) cannot be compelled from a corporate records custodian who asserts a Fifth Amendment privilege). In addition, Troca has no expertise in the valuation of assets, does not have a valuation team, and is not in a position to provide a valuation report regarding the illiquid assets.[1]

Defendants' Proposed Order also seeks to restrain *all assets* of Troca versus those assets held or controlled on behalf of Bulk MRO. Troca currently hold assets for other clients who have no involvement in this matter. An order restraining Troca's assets would prevent those entities from transferring or accessing their own assets, which is completely unwarranted.

Troca respectfully requests that this Court enter its Proposed Order, attached to its Motion as Exhibit A (ECF No. 29-1). This Court has discretion to grant the Plaintiff's Proposed Order, or fashion its own order, restraining the assets at issue while protecting Mr. Das's 5th Amendment right.

[1] Troca reminds the Defendants that it notified them on May 30, 2023 -- prior the Government's 2023 indictment of its sole member, Mr. Das -- that it intended to seek an interpleader action if the parties could not reach an agreement regarding a neutral placeholder for the assets. It continues to seek a path forward which would permit it to protect the assets without infringing its sole member's rights.

**TROCA GLOBAL ADVISORS LLC**

Respectfully submitted,

By its attorneys,

*/s/ Alan D. Rose Jr.*

Alan D. Rose, Jr. (BBO #628871)
Meredith W. Doty (BBO #652220)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, MA 02108
(617) 536-0040
Fax: (617) 536-4400
adrjr@rose-law.net
mwd@rose-law.net

Dated: November 6, 2023

**CERTIFICATE OF SERVICE**

I, Alan D. Rose, Jr. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on November 6, 2023.

*/s/ Alan D. Rose, Jr.*
Alan D. Rose, Jr.